50 Wn.2d 321 (1957)
311 P.2d 673
RICHARD L. HERING, Respondent,
v.
ST. PAUL-MERCURY INDEMNITY COMPANY, Appellant.[1]
No. 33919.
The Supreme Court of Washington, Department One.
May 16, 1957.
*322 Lycette, Diamond & Sylvester and Earle W. Zinn, for appellant.
Morrissey, Hedrick & Dunham, for respondent.
OTT, J.
October 6, 1952, the St. Paul-Mercury Indemnity Company issued to Richard L. Hering (who operated a combined restaurant and tavern known as the "Little Red Hen") its comprehensive general and automobile liability policy. Coverage provided indemnity as follows:
"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law or contract for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons."
The policy contained the further provision:
"As respects such insurance as is afforded by the other terms of this policy the Company shall
"(a) defend in his name and behalf any suit against the Insured alleging such injury, sickness or disease, damage or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company; ..."
In April, 1953, while the policy was still in force, Walter Staples commenced an action against the insured, Richard Hering, in which Staples alleged that Hering had wrongfully and unlawfully assaulted him. Hering tendered the defense of the Staples action to his insurer. The insurer's attorneys, without waiver of its rights under the policy, prepared and filed an answer denying the allegations of Staples' complaint, and, as an affirmative defense, alleged that Richard Hering acted in self-defense. Thereafter, by letter dated August 20, 1953, addressed to Richard Hering, the insurance company's attorneys withdrew from the defense of *323 Hering in the Staples action, stating as the reason for withdrawal that the policy did not "insure a person against the results of his own personal wilful, wrongful conduct."
The insured, Richard Hering, then employed other counsel to represent him. A compromise was effected, wherein Hering paid Staples one thousand dollars. Thereupon, the Staples action was dismissed.
Subsequently, Hering instituted this action against the St. Paul-Mercury Indemnity Company, his insurer, to recover the one thousand dollars paid to Staples, plus costs and attorneys' fees he had expended in obtaining the judgment of dismissal. The insurer demurred to the complaint. The demurrer was overruled. The answer denied liability under the terms of the policy.
The cause proceeded to trial upon the issues thus joined. The court admitted testimony, over objection, upon the issue of self-defense. The court found, inter alia, "That Richard Hering, plaintiff, did not unlawfully and unjustly assault Walter Staples, but that Walter Staples was injured while the plaintiff Hering was acting in self defense." The court also found that, under the terms of the policy, the insurer had a duty to defend any suit against the insured, even if such suit was groundless, false, or fraudulent, and that the expenditures made by Hering in obtaining a dismissal of the Staples action were reasonable.
From a judgment entered in favor of Hering, the insurer has appealed.
This appeal involves the interpretation of the indemnity contract between the appellant and the respondent. The sole question involved is, did the appellant insurance company agree to defend the insured in an action in which the insured was falsely charged with assaulting another?
[1, 2] This court has often stated the following basic rules of contract construction: (1) The intention of the parties must control, (2) the intent must be ascertained from reading the contract as a whole, and (3) where the language used is unambiguous, an ambiguity will not be read into the contract. Truck Ins. Exchange v. Rohde, 49 Wn. (2d) 465, 303 P. (2d) 659 (1956).
*324 [3] The provision of the contract governing the issue involved is plain and unambiguous that "the Company shall ... defend ... even if such suit is groundless, false or fraudulent."
The contention of the appellant is that, inasmuch as its duty to defend is to be determined by the allegations of the complaint, it had no duty to defend this action for the reason that the complaint alleged an assault, which constitutes a criminal offense, and that public policy would be violated were it to insure against willful criminal misconduct.
The cases from other jurisdictions, cited by appellant, are cases in which the insurer insured against "accidents," and those courts held that assault is not within the definition of accident.
[4] The policy in the instant case is not an accident policy. The insurer agreed to defend against all actions, even if groundless, and to pay all sums for which the insured might become liable by reason of bodily injury to another. Under the facts of this case, it is not against public policy for the insurer to insure against groundless actions alleging civil liability resulting from an assault, and, hence, the allegations of the complaint were within the terms of the policy.
[5] The insurer was obligated to defend the Staples action by the express terms of its policy. Where, as in this case, there is a finding of no willful misconduct, and the insurer refuses to defend when obligated to do so, the insured may recover the amount paid in effecting a reasonable settlement, together with costs and attorneys' fees. Evans v. Continental Cas. Co., 40 Wn. (2d) 614, 245 P. (2d) 470 (1952).
The judgment is affirmed.
HILL, C.J., MALLERY, SCHWELLENBACH, and FINLEY, JJ., concur.
August 20, 1957. Petition for rehearing denied.
NOTES
[1] Reported in 311 P. (2d) 673.